IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
November 13, 2019 Session

## TIMOTHY ROSEBROUGH v. KAREN CALDWELL F/K/A KAREN ROSEBROUGH

Appeal from the Chancery Court for Madison County
No. 66696     William B. Acree, Jr., Senior Judge

_____

### No. W2018-01168-COA-R3-CV

_____

In this post-divorce custody action, the mother filed a motion seeking to modify the permanent parenting plan to designate her the primary residential parent. During trial, the parents requested that the Trial Court modify the residential parenting schedule. Following trial, the Trial Court entered an order denying the mother's request to be designated primary residential parent but granting the parties' request to modify the parenting schedule. Most of the Trial Court's order consisted of its detailed recitation of the testimony presented during trial, without finding which testimony was credible or otherwise making sufficient findings of fact regarding the evidence presented to support its ruling as to changing the primary residential parent. As such, we find and hold that the March 9, 2018 order does not comply with Tennessee Rule of Civil Procedure 52.01 by including sufficient findings of fact concerning the mother's motion to modify the permanent parenting plan to designate her the primary residential parent. We, therefore, vacate that portion of the Trial Court's judgment and remand for the Trial Court to make sufficient findings of fact and conclusions of law in compliance with Tennessee Rule of Civil Procedure 52.01. Because the Trial Court did make sufficient findings of fact as to the parenting schedule and it was not raised as an issue on appeal, the Trial Court's judgment regarding modification of the residential parenting schedule is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Affirmed in Part and Vacated in Part; Case Remanded**

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and KENNY W. ARMSTRONG, J., joined.

Karen L. Caldwell, Jackson, Tennessee, Pro Se.

Lisa A. Houston, Jackson, Tennessee, for the appellee, Timothy S. Rosebrough.

# OPINION

## <u>Background</u>

The parties, Timothy Rosebrough ("Father") and Karen Caldwell ("Mother"), were married in 2007. The parties had one child together during the marriage, A.F.R. ("the Child"). Father filed a complaint for divorce in the Madison County Chancery Court ("Trial Court"), and the parties were divorced in November 2010. Following trial, Father was designated the primary residential parent of the Child, with Father receiving 280 days and Mother receiving 85 days. Per the permanent parenting plan, Mother's parenting time would occur on Tuesdays from 5:30 p.m. to 8:30 p.m. and every other weekend from Thursday at 6:00 p.m. to Sunday at 6:00 p.m. However, the Trial Court ordered that Mother would receive only supervised visitation with the Child until she completed an anger management course of at least eight weeks duration and submitted to a psychological and parenting evaluation by a licensed counselor, both to occur at Pathways in Jackson, Tennessee. Once Mother completed the aforementioned requirements, she would receive unsupervised visitation as provided in the permanent parenting plan. Mother filed a motion for new trial, which was denied by the Trial Court. Mother appealed to this Court in 2011, but her appeal was dismissed for failure to file an appellate brief.[1]

Following entry of the final divorce decree and the permanent parenting plan, litigation between the parties continued unabated. Mother filed motions to clarify, which were denied due to lack of jurisdiction and the pending appeal. She also filed a motion seeking to terminate the requirement that her visitation be supervised without her having to complete the anger management course. In support of her motion, Mother presented a report from a psychologist stating that she did not need anger management. The Trial Court ultimately denied Mother's motion, finding that it was "simply an attempt to alter the prior judgment by yet another motion (well after the Decree became final), arguing that the trial judge was wrong" and instructed that issues with the divorce decree be determined during the pending appeal. She also filed a motion for contempt. Father filed a response to Mother's motion for contempt and a counter-motion for contempt against Mother. The Court denied Mother's motion for contempt but granted Father's motion for contempt due to Mother's failure to pay her portion of the Child's uncovered medical expenses.

In September 2011, Father filed a motion to modify the permanent parenting plan and for contempt. Mother subsequently filed a petition to change custody of the Child and for contempt and a motion to modify the final decree, asking the court to waive the anger management requirement. Following a hearing on those petitions, the Trial Court

---

[1] The mandate from this Court was issued in October 2011.

found that a material change in circumstances had occurred warranting modification of Mother's parenting time restrictions. Upon finding that Mother had "undergone some changes in attitude" and had acknowledged that she needed to obey court orders even when she did not agree with them, the Trial Court removed the requirement that Mother complete anger management to assist in the building of a relationship between Mother and the Child and ordered that Mother would have unsupervised visitation with the Child according to the permanent parenting plan. The Trial Court, however, found that it was in the Child's best interest for Father to remain the primary residential parent. On April 12, 2013, the Trial Court entered an order modifying Mother's visitation schedule to include Tuesdays from 4:00 p.m. to 7:00 p.m. after August 1, 2013, and every other weekend from Thursday at 6:00 p.m. through Sunday at 6:00 p.m. The Trial Court dismissed the allegations of contempt.

In November 2015, Mother filed a motion to modify custody, requesting that she be designated the primary residential parent for the Child. Mother also filed a motion to waive mediation and requested a psychological evaluation for Father. The Trial Court ordered the parties to attend mediation and continued Mother's motion for a psychological evaluation. Father subsequently filed a motion requesting that Mother comply with a psychological and parenting evaluation and an anger management course. In response to the parents' motions, the Trial Court ultimately ordered Father to complete a psychological evaluation and Mother to complete a psychological and parenting evaluation. The Trial Court found that due to the parties' "profound dislike for one another" and the difficulty this presented in co-parenting, good cause existed for the evaluations. The Trial Court further ordered the parties and the Child to undergo a custodial evaluation, which included the psychological evaluations for both parents. The Trial Court reserved the issue of anger management until trial.

In August 2016, the Trial Court renewed its prior injunction prohibiting the parties from speaking badly of the other parent and instructing the parties to encourage the Child to love the other parent. Thereafter, Mother filed a motion for contempt against Father alleging that he violated the injunction put in place by the Trial Court. The Trial Court denied Mother's motion for contempt, finding that Mother's motion was "not worthy of oral argument." The Trial Court also granted Father an award of reasonable attorney's fees and court costs incurred defending Mother's contempt motion. Also in August 2016, Mother filed a proposed parenting plan.

In April 2017, Father filed a motion to dismiss Mother's motion to modify custody, alleging that Mother had failed to comply with Tennessee Code Annotated § 36-6-405(a) by failing to file a verified statement of her income and a proposed parenting plan with her November 2015 motion. Mother thereafter filed a verified statement of income with the Trial Court.

The trial occurred on three nonconsecutive days on October 18, 2017; November 14, 2017; and December 1, 2017. According to the Trial Court, both Mother and Father made oral motions requesting the Trial Court modify the parenting schedule and that Father had testified at trial that providing more parenting time to Mother "is in the best interest of [the Child] because the child is older, it will create more stability, and he wants to avoid the debacle during the summer." Thereafter, the Trial Court entered a "Temporary Order Amending Parenting Schedule." In this order, the Trial Court amended the residential parenting schedule to end Mother's Tuesday visitation and extend her every other weekend visitation to Thursday at 6:00 p.m. through Monday before school (or 8:00 a.m. if the Child was not in school). The Trial Court subsequently entered its "Findings of Fact and Conclusions of Law" and directed Father's counsel to prepare an order reflecting the Trial Court's findings and conclusions. Following the filing of the Trial Court's findings of fact and conclusions of law but before a judgment was entered, Mother filed a motion to alter or amend or for a new trial.

The Trial Court entered its judgment in March 2018, denying Mother's motion to modify custody but granting the parties' request to modify the residential parenting schedule. As modified, the permanent parenting plan provided that Father receive 260 days and Mother receive 105 days. Mother was to receive visitation with the Child every other weekend from Thursday at 6:00 p.m. until before school on Monday (or 8:00 a.m. if the Child had no school), during fall break in alternating years, for five days during winter vacation, during spring break in alternating years, and for one week in June and one week in July during summer vacation. Following entry of the judgment, Mother filed an "Amended Motion to Alter or Amend, or Alternatively for a New Trial," which the Trial Court denied. Mother timely appealed to this Court.

Following her notice of appeal, Mother filed statements of the evidence for the three days of trial. The Trial Court rejected Mother's statements of the evidence for the trial dates of November 14, 2017, and December 1, 2017. The Trial Court found that a court reporter was present on these days and the per diem was shared by the parties. Determining that Mother had not requested relief from the Trial Court to file a statement of the evidence in lieu of a transcript reflecting those days, the Trial Court rejected the statements of evidence for November 14, 2017, and December 1, 2017. The Trial Court found that the filing of a statement of evidence in lieu of a transcript was not permitted under Tennessee Rule of Appellate Procedure 24 in this case. The Trial Court further found that Mother had the ability to pay the cost of a stenographic record, that the issue of child custody justifies the expense of a transcript, and that a statement of the evidence is not a reasonable alternative to a transcript.

The Trial Court subsequently entered its "Court's Approval and Exhibit Authentication" stating that neither a transcript or statement of the evidence had been filed for the trial dates of November 14, 2017, and December 1, 2017. A court reporter

was not available for the first day of trial on October 18, 2017. As such, the statement of evidence for that day was accepted but modified by the Trial Court.

## Discussion

Although not stated as such, Mother raises the following issues for our review: (1) whether the Trial Court erred by finding that Mother had not proven a material change in circumstance by a preponderance of the evidence and (2) whether the Trial Court erred when making its best interest analysis regarding the modification of the permanent parenting plan.

Our ability to address the issues raised by Mother concerning modification of the permanent parenting plan to designate her the primary residential parent is severely hampered by the Trial Court's failure to make sufficient findings of fact in its judgment. While the Trial Court's judgment was extensive, detailed, and contained some findings of fact, it primarily was a detailed statement of the evidence presented at trial and the Trial Court's conclusions as to the ultimate questions of material change of circumstances and best interest.

Tennessee Rule of Civil Procedure 52.01 requires that, in all bench trials, the trial court shall make findings of fact and separate conclusions of law with entry of its judgment sufficient to support its decision. Our Supreme Court has instructed that the requirement for trial courts to make findings of fact and conclusions of law serves three purposes: (1) facilitating appellate review of the trial court's action by providing the appellate court with a clear understanding of the basis on which the trial court's decision was reached, (2) defining exactly the issues being decided in the case for purposes of estoppel and *res judicata* and promoting confidence in the decision making of the trial court, and (3) evoking care by the trial court in ascertaining and applying the facts of the case. *Lovlace v. Copley*, 418 S.W.3d 1, 34-35 (Tenn. 2013) (internal citations omitted). There is no bright-line test for which to evaluate the sufficiency of a trial court's findings of fact; however, "'the findings of fact must include as much of the subsidiary facts as is necessary to disclose to the reviewing court the steps by which the trial court reached its ultimate conclusion on each factual issue.'" *Id.* at 35 (quoting 9C *Federal Practice and Procedure* § 2579, at 328). When a trial court's findings of fact are insufficient to comply with Tennessee Rule of Civil Procedure 52.01, the appellate court may either remand the action for the trial court to make sufficient findings of fact or, in some cases, the appellate court may attempt to "soldier on" by conducting a de novo review of the evidence presented to the trial court in the underlying record to determine where the preponderance of the evidence lies. *See Lovlace*, 418 S.W.3d at 36; *In re S.J.*, 387 S.W.3d 576, 594 n.9 (Tenn. Ct. App. 2012). "On occasion, when a trial judge fails to make findings of fact and conclusions of law, the appellate court may 'soldier on' when the case involves only a clear legal issue, or when the court's decision is 'readily

ascertainable.'" *Manning v. Manning*, 474 S.W.3d 252, 260 (Tenn. Ct. App. 2015) (quoting *Pandey v. Shrivastava,* No. W2012-00059-COA-R3-CV, 2013 WL 657799 (Tenn. Ct. App. Feb. 22, 2013) (other internal citations omitted)).

Mother argues in her appellate brief that the Trial Court erred in its determination that Mother had not proven a material change in circumstance and in conducting its best interest analysis. We first note that a trial court does not proceed to conduct the best interest analysis unless the court finds that the petitioner has proven by a preponderance of the evidence that a material change in circumstances exists. *See Pankratz v. Pankratz*, No. M2017-00098-COA-R3-CV, 2017 WL 4842400, at *4 (Tenn. Ct. App. Oct. 25, 2017) ("[O]nly after making the threshold determination that a material change in circumstances has occurred, may the trial court turn to consider whether modification of an existing parenting plan is in the child's best interest." (citing Tenn. Code Ann. § 36-6-101(a)(2)(C))).

Regarding custody and visitation decisions by the trial courts, this Court explained:

> Trial courts have broad discretion to fashion custody and visitation arrangements that best suit the unique circumstances of each case, and the appellate courts are reluctant to second-guess a trial court's determination regarding custody and visitation. *Parker v. Parker*, 986 S.W.2d 557, 563 (Tenn. 1999); *Nelson v. Nelson*, 66 S.W.3d 896, 901 (Tenn. Ct. App. 2001). Decisions concerning custody and visitation often hinge on subtle factors, such as the parents' demeanor and credibility during the proceedings. *Adelsperger v. Adelsperger*, 970 S.W.2d 482, 485 (Tenn. Ct. App. 1997).

> Furthermore, it is not the role of the appellate courts to "tweak [parenting plans] . . . in the hopes of achieving a more reasonable result than the trial court." *Eldridge v. Eldridge*, 42 S.W.3d 82, 88 (Tenn. 2001). Thus, a trial court's decision regarding custody or visitation will be set aside only when it "falls outside the spectrum of rulings that might reasonably result from an application of the correct legal standards to the evidence found in the record." *Id*.

*Reeder v. Reeder*, 375 S.W.3d 268, 278 (Tenn. Ct. App. 2012).

This Court explained in a previous case that a court order including "a lengthy summary of the testimony adduced at the hearing and a few credibility observations" without further indicating which testimony or other evidence the trial court relied upon in making its decision is not sufficient to satisfy the requirement of making specific findings of fact. *In re S.S.-G.*, No. M2015-00055-COA-R3-PT, 2015 WL 7259499, at *12 (Tenn.

Ct. App. Nov. 16, 2015). The Court further provided that "[w]hile summation of the evidence may be necessary and helpful to the trial court in making its findings and conclusions, the court must go beyond mere summation by linking the evidence to its clearly stated findings of fact and conclusions of law." *Id.*

In the case before us, the Trial Court did not provide sufficient findings of fact to demonstrate the reasoning employed by the Trial Court in reaching its ultimate conclusion as to Mother's request to modify the permanent parenting plan so as to designate her the primary residential parent. *See Lovlace*, 418 S.W.3d at 35. The Trial Court entered its judgment providing a detailed summary of the testimony and evidence presented during trial. Despite the parties presenting contradictory testimony, the Trial Court did not make credibility determinations or specific findings of fact as to many of those factual issues. The Trial Court did make some findings of fact, but the findings are not sufficient to facilitate our review of its decision or support its ruling. Many of the statements in the Trial Court's order were conclusory statements regarding the evidence presented and not specific findings of fact as required. The Trial Court's March 9, 2018 order, even as extensive as it is, does not provide which evidence the Trial Court relied on when making its decision or how it came to its conclusion. We, therefore, hold that the Trial Court did not comply with Tennessee Rule of Civil Procedure 52.01 by making sufficient findings of fact and conclusions of law on Mother's request for modification of the permanent parenting plan as to the primary residential parent.

Because a custody decision by the Trial Court is a factual determination and often hinges on factors only observable during trial, such as the parents' or other witnesses' demeanor and credibility, and this case does not consist of a clear legal issue or a readily ascertainable decision, we determine this is not an appropriate case for us to "soldier on" in the absence of sufficient findings of fact by the Trial Court. *See Manning*, 474 S.W.3d at 260; *Reeder*, 375 S.W.3d at 278. Sufficient findings of fact by the Trial Court are necessary in this case for meaningful appellate review by this Court. "[A]ppellate courts are ill-equipped to make the type of credibility determinations that would be necessary to resolve the factual disputes" as are involved in this modification of the permanent parenting plan proceeding. *See Lovlace*, 418 S.W.3d at 36. Therefore, we remand these proceedings to the Trial Court to make sufficient findings of fact regarding the evidence presented during trial and to make conclusions of law based on those facts in compliance with Tennessee Rule of Civil Procedure 52.01 concerning Mother's motion to modify the permanent parenting plan by designating her the primary residential parent. On remand, the Trial Court may rely on the evidence presented during the three days of trial in October, November, and December 2017 without requiring any further proof to be presented by the parties unless the Trial Court, in its discretion, decides to receive additional proof.

Because the Trial Court made sufficient findings of fact such as that the Child is older and more accustomed with being with Mother on the issue of modification of the residential parenting schedule and neither party raised any issue on appeal of the Trial Court's judgment modifying the residential parenting schedule, we affirm the Trial Court's judgment in that regard. Due to our holding vacating the portion of the Trial Court's judgment concerning Mother's motion to modify the permanent parenting plan to designate her the primary residential parent, all other issues on appeal are pretermitted as moot.

### Conclusion

The portion of the Trial Court's judgment concerning designation of the primary residential parent is hereby vacated. The Trial Court is affirmed as to its judgment modifying the residential parenting schedule. This cause is remanded to the Trial Court for findings of fact and conclusions of law in compliance with Tennessee Rule of Civil Procedure 52.01 regarding Mother's motion to be designated the primary residential parent and for collection of the costs assessed below. The costs on appeal are assessed one-half against the appellant, Karen L. Caldwell, and her surety, if any, and one-half against the appellee, Timothy Rosebrough, and his surety, if any.

_____
D. MICHAEL SWINEY, CHIEF JUDGE